Argued and submitted August 30, 2016, affirmed August 23, petition for review denied December 14, 2017 (362 Or 281)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RYAN TUPUA REED,
*Defendant-Appellant.*

Coos County Circuit Court
14CR1687; A158750

401 P3d 271

Emily P. Seltzer, Deputy Public Defender, argued the cause for appellant. With her on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellant Section, Office of Public Defense Services.

Robert M. Wilsey, Assistant Attorney General, argued the cause for respondent. With him on the brief was Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and Powers, Judge, and Duncan, Judge pro tempore.*

---

* Powers, J., *vice* Haselton, S. J.

## PER CURIAM

In this criminal case, defendant appeals the trial court's judgment convicting him of delivery of methamphetamine, ORS 475.890, and reflecting a guilty verdict on a charge of possession of methamphetamine, ORS 475.894. On appeal, defendant assigns error to the trial court's admission of evidence of text messages on defendant's telephone. The trial court admitted the evidence as relevant only to a particular issue, and so instructed the jury. Ultimately, that issue was not submitted to the jury. Nevertheless, on appeal, defendant argues that the trial court's purported error was prejudicial. *See* OEC 103(1) (evidentiary error is not presumed to be prejudicial); *State v. Hudson*, 279 Or App 543, 554, 380 P3d 1025 (2016) (party challenging an evidentiary ruling must demonstrate that it was prejudiced by the ruling). In support of that argument, defendant relies, in particular, on the prosecutor's assertion in closing argument that some of the text messages were relevant to an issue still before the jury. Defendant did not object to the prosecutor's assertion; to the contrary, in his closing argument defendant agreed that those text messages could be used as the prosecutor asserted. Consequently, we conclude that defendant has failed to carry his burden of demonstrating that, if the trial court erred in admitting the text messages, the error was prejudicial.

Affirmed.